IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **JACK M. WOOD,** | **Civil Action Number:** |
| Plaintiff, | 1:12-cv-131(WLS) |
| vs. | **Jury Trial Demanded** |
| **CITY OF CORDELE,** | |
| Defendant. | |

## COMPLAINT

Plaintiff, Jack M. Wood (hereinafter "Plaintiff") by and through the undersigned counsel, brings this complaint against Defendant City of Cordele ("Cordele") and pleads as follows:

### INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover the overtime pay that was denied him and an additional amount as liquidated damages; and (2) for his costs of litigation, including his reasonable attorneys' fees.

2.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his

federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391 because Defendant Cordele is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff resides within Crisp County, Georgia.

7.

Cordele employed Plaintiff as a Chief Codes Official in and around Cordele, Georgia from November 1987 through the present date.

8.

Defendant Cordele is a municipal corporation organized under the laws of the State of Georgia.

9.

Cordele is a political subdivision of the State of Georgia within the meaning of 29 USC § 203(e)(2)(C).

10.

At all times relevant to this suit, Plaintiff has been an "employee" of "Cordele" as defined by 29 U.S.C. § 203(e).

11.

Cordele is a "public agency" within the meaning of the 29 USC § 3(d)

12.

At all times material hereto, Defendant Cordele has been an "employer" of Plaintiff as defined by 29 USC § 3(d)

13.

From on or about January 2010 through the present date, Defendant Cordele was a "public agency" within the meaning of 29 USC § 203(x).

14.

At all times material hereto, Cordele has been an "Enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 3(s)(1)(c), 29 U.S.C. § 203(s)(1)(c).

15.

At all times material hereto, Plaintiff has been an employee employed in an enterprise as defined in the FLSA, § 7 (a), 29 USC § 207 (a).

16.

Defendant Cordele is subject to the personal jurisdiction of this Court.

17.

At all times relevant to this suit and while an employee of Defendant Cordele, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

18.

At all times relevant to this suit and while an employee of Defendant Cordele, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

19.

At all times relevant to this suit and while an employee of Defendant Cordele, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

20.

At all times relevant to this suit and while an employee of Defendant Cordele, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

21.

At all times relevant to this suit and while an employee of Defendant Cordele, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## COUNT I — FAILURE TO PAY OVERTME

22.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

23.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

24.

During his employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours each week.

25.

Defendant failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 2010 through the present date.

26.

Defendant willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 2010 through the present date.

27.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

28.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

29.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT
## AS TO DEFENDANT CITY OF CORDELE

30.

The allegations contained in all Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

31.

Plaintiff and Defendant were parties to a contract of employment (hereafter "the Contract") from on or about January 2010 through the present date.

32.

The Contract provided that Defendant would pay Plaintiff for work that was performed by Plaintiff on behalf of and for the benefit of Defendant.

33.

During Plaintiff's employment with Defendant, Plaintiff has performed work on behalf of Defendant on Saturdays for which Defendant failed to pay him.

34.

Defendant's failure to pay Plaintiff for work performed from on the aforementioned Saturdays constitutes a material breach of the Contract.

35.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT
## AS TO DEFENDANT CITY OF CORDELE

36.

The allegations contained in all Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

37.

From on or about January 2010 through the present date, Plaintiff has served as a Chief Codes Official for Defendant.

38.

Plaintiff's service as a Chief Codes Official for Defendant as described above was valuable to Defendant.

39.

Defendant requested Plaintiff's service as a Chief Codes Official.

40.

Defendant knowingly accepted Plaintiff's service as a Chief Codes Official.

41.

The receipt of Plaintiff's services as a Chief Codes Official for Defendant without compensation would be unjust.

42.

Plaintiff expected to be compensated at the time he provided his services as a Chief Codes Official.

43.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a Chief Codes Official for Defendant, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL
## AS TO DEFENDANT CITY OF CORDELE

44.

The allegations contained in all Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

45.

On or about January 2010, Defendant promised to pay Plaintiff in return for Plaintiff's service as a Chief Codes Official for them.

46.

Defendant should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Chief Codes Official for Defendant.

47.

Defendant promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Chief Codes Official for Defendant, to his detriment.

48.

Plaintiff's service as a Chief Codes Official for Defendant conferred a benefit on Defendant.

49.

Defendant failed to pay Plaintiff in accordance with its promise.

50.

Plaintiff relied on Defendant's promise.

51.

Plaintiff's reliance on Defendant's promise was reasonable.

52.

Injustice can only be avoided by enforcement of Defendant's promise.

53.

Plaintiff is entitled to a recover from Defendant the reasonable value of the services he provided as a Chief Codes Official for Defendant, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

**DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC**

*s/ Michael A. Caldwell*
Michael A. Caldwell
Georgia Bar No. 102775

*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

COUNSEL FOR PLAINTIFF