IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JACK M. WOOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CV-131 (WLS) |
| | : | |
| CITY OF CORDELE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER

This Fair Labor Standards Act (FLSA) case is before the Court on a Joint Motion for Settlement Review. In the Motion, the Parties request that the Court approve a settlement agreement wherein the City of Cordele agrees to pay $16,447.74 to Plaintiff Jack Wood for backpay and liquidated damages and $25,000 to Plaintiff's counsel for fees and costs. The Court ordered supplemental briefing on two issues to determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Having satisfied itself that the settlement is fair and reasonable, the Court approves the settlement agreement.

Under *Lynn's Food Stores*, a district court must scrutinize settlement agreements for FLSA claims for fairness. 679 F.2d at 1353; *Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-cv-88 (WLS), 2013 WL 5933991, at *2 (M.D. Ga. Nov. 1, 2013). In addition to reviewing a plaintiff's damages award, a court must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir.2009) (per curiam).

After a review of the motion, settlement agreement, responses, and record, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide

1

dispute. According to the Parties, Wood's recovery under the settlement agreement is "approximately one hundred percent of what [he] believes that he is owed." The settlement amount includes both back pay and liquidated damages.

As for the attorneys' fees and costs, the Court believes the amount is reasonable in light of the complexity of the case, the hours spent litigating it, and the attorneys' experience in handling FLSA matters. Both parties have informed the Court that they reached an agreement on attorneys' fees separately and independently from any compromise on Wood's claims. Additionally, Plaintiff's counsel has represented to the Court that $25,000 is actually a reduction from the actual hours spent litigating this case.

Therefore, the Court concludes that the agreement is fair and reasonable and is **APPROVED**.

**SO ORDERED**, this   27th   day of March, 2014.

                                                /s/ W. Louis Sands
                                          **W. LOUIS SANDS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**